IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-30208 |
| LINDSAY GRACE MARCHBANKS, | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |

**MOTION TO REOPEN CASE FOR PURPOSES OF FILING
CERTIFICATE OF DEBTOR EDUCATION AND RECEIVING DISCHARGE**

Comes now Lindsay Grace Marchbanks ("Ms. Marchbanks" or the "Debtor"), by and through undersigned counsel, pursuant to Sections 350 and 727 of Title 11 of the United States Code and Federal Rules of Bankruptcy Procedure 5010 and 1007, and moves this Honorable Court to reopen the above-captioned matter for purposes of entering a discharge, and in support thereof states as follows:

**I.     Introduction**

This is a no-asset consumer Chapter 7 case where the matter was closed prior to the time the Debtor completed a course on personal financial management. Ms. Marchbanks has now completed the subject course and, having gone through the rigors of the bankruptcy process without any party in interest objecting to her receipt of a discharge, respectfully submits that equity well supports the reopening of this case for the limited purpose of permitting her to docket evidence of course completion so she may receive a discharge.

**II.     Standard**

Title 11 of the United States Code (the "Bankruptcy Code") permits, *inter alia*, "A case may be reopened in the court in which such case was closed … to accord relief to the debtor…" 11 U.S.C. § 350(b). *See also* Fed. R. Bankr. P. 5010 ("A case may be reopened on motion of the debtor or other party in interest pursuant to §350(b) of the Code"),

1

Once a case is reopened, a discharge may be granted if a course in financial management is completed. 11 U.S.C. § 727(a)(11). The Federal Rules of Bankruptcy Procedure do condition a discharge on such course being completed within 60 days of the first date of a meeting of creditors, but "[t]he court may, at any time and in its discretion, enlarge the time to file the statement..." Fed. R. Bankr. P. 1007(c).

### III.    Argument: The Case Should be Reopened so a Discharge May be Entered

Ms. Marchbanks is an exemplary individual who navigated her way through Chapter 7 without protest or issue. She filed her schedules, attended her meeting of creditors, and did not see any party in interest object to her discharge (or to the dischargeability of any of her debts). Had evidence of her completion of a financial management course been filed before this case was closed, she would have assuredly received a discharge.

As the advisory committee notes to Rule 1007 observe of extending the time to file a financial management certificate, "[b]ecause no party is harmed by the enlargement, no specific restriction is placed on the court's discretion to enlarge the deadline, even after its expiration." Fed. R. Bankr. P. 1007 (2008 Advisory Committee Note).

This case was closed only a short time ago. And while belated motions to reopen, filed more than two years after a case ends without a discharge, have been held to constitute an abuse of discretion, *In re McKinney*, 590 B.R. 165, 171 (Bankr. D.D.C. 2018), no such delay is manifest instantly. To the contrary, this motion is being filed less than two *weeks* after the case was closed. And, as observed by the United States Bankruptcy Court for the District of Ohio, "in most cases, when a motion is timely filed, the court finds that cause is implicit…" *In re Ayers*, 2015 WL 1133441, at *2 (Bankr. N.D. Ohio 2015).

2

Reopening this case will permit Ms. Marchbanks the proverbial "fresh start" she pursued through filing this case, will well accord with the interests of equity, and will – as noted by the aforementioned advisory committee note – not cause harm to any party in interest.

## IV.     Conclusion

WHEREFORE, it is respectfully urged that (i) the above-captioned case be reopened; (ii) Ms. Marchbanks be permitted to docket a certificate in substantial compliance with Official Form 423; and (iii) this Honorable Court afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 23, 2023      By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of October, 2023, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig