IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-30208 |
| LINDSAY GRACE MARCHBANKS, | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |

## MOTION FOR ENTRY OF DISCHARGE

Comes now Lindsay Grace Marchbanks ("Ms. Marchbanks" or the "Debtor"), by and through undersigned counsel, pursuant to Section 727 of Title 11 of the United States Code and Local Rule 5010-1, and moves this Honorable Court to for entry of a discharge, and in support thereof states as follows:

### I.      Introduction

This is a no-asset case that was reopened so Ms. Marchbanks may file a certificate indicating her completion of a financial management course and, in turn, petition for entry of a discharge. With such a certificate now being on file, DE #14-1, DE #17, and with Ms. Marchbanks having otherwise satisfied each of the rigors attendant to the Chapter 7 process, it is respectfully urged a discharge ought to be entered.

### II.      Standard

Once a case is reopened, a discharge may be granted if a course in financial management is completed. 11 U.S.C. § 727(a)(11). The Federal Rules of Bankruptcy Procedure do condition a discharge on such course being completed within 60 days of the first date of a meeting of creditors, but "[t]he court may, at any time and in its discretion, enlarge the time to file the statement..." Fed. R. Bankr. P. 1007(c).

1

### III.    Argument: A Discharge is Properly Entered

Ms. Marchbanks is an exemplary individual who navigated her way through Chapter 7 without protest or issue. She filed her schedules, attended her meeting of creditors, and did not see any party in interest object to her discharge (or to the dischargeability of any of her debts). Had evidence of her completion of a financial management course been filed before this case was closed, she would have assuredly received a discharge.

As the advisory committee notes to Rule 1007 observe of extending the time to file a financial management certificate, "[b]ecause no party is harmed by the enlargement, no specific restriction is placed on the court's discretion to enlarge the deadline, even after its expiration." Fed. R. Bankr. P. 1007 (2008 Advisory Committee Note).

Under Section 727 of the Bankruptcy Code, this Honorable Court "shall grant" Ms. Marchbanks a discharge unless (i) she undertook actions fundamentally at odds with the equities underlying a discharge, 11 U.S.C. § 727(a)(2-6); (ii) she undertook such malevolent actions in a related proceeding within one year of her case, 11 U.S.C. § 727(a)(7); (iii) Ms. Marchbanks was previously granted a Chapter 7 or Chapter 11 discharge in the preceding eight years, 11 U.S.C. § 727(a)(8); (iv) Ms. Marchbanks was previously granted a Chapter 12 or Chapter 13 discharge in the preceding six years (and, even then, with certain caveats applying), 11 U.S.C. § 727(a)(9); (v) Ms. Marchbanks waived her discharge with this Honorable Court's approval, 11 U.S.C. § 727(a)(10); (vi) "after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111," 11 U.S.C. § 727(a)(11); or (vii) Ms. Marchbanks is charged with undertaking certain varieties of felonious conduct, 11 U.S.C. § 727(a)(12).

Ms. Marchbanks is happy to report that no one is accusing her of being a felon. Equally, no party in interest has alleged Ms. Marchbanks undertook a fraudulent conveyance, set fire to any

2

records, lied under oath, came up short in her explanation of pertinent events, invoked her Fifth Amendment rights, or committed any of the other bankruptcy sins that militate against entry of a discharge. Nor has Ms. Marchbanks previously received a discharge or waived her discharge herein. And the question thusly turns, exclusively, on whether she has now completed a financial management course.[1]

As noted *supra*, Ms. Marchbanks has, indeed, completed such a course. A certificate memorializing such was appended to her prior motion to reopen this case, DE #14-1, and a conforming attestation has now been docketed, DE #17. It is thusly urged that a discharge is appropriately entered in this case.

## IV.    Conclusion

WHEREFORE, Ms. Marchbanks respectfully prays (i) this Honorable Court enter a discharge pursuant to Section 727 of Title 11 of the United States Code; and (ii) this Honorable Court afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 3, 2023          By:    /s/ Maurice B. VerStandig
                                        Maurice B. VerStandig, Esq.
                                        The Dakota Bankruptcy Firm
                                        1630 1st Avenue N
                                        Suite B PMB 24
                                        Fargo, North Dakota 58102-4246
                                        Phone: (701) 394-3215
                                        mac@dakotabankruptcy.com
                                        *Counsel for the Debtor*

---

[1] The reopening of this case was conditioned on Ms. Marchbanks paying the applicable fee. While not a condition of discharge, this is nonetheless a prerequisite to entry of a discharge. The subject fee was paid on October 23, 2023, as memorialized on the docket herein.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of November, 2023, a copy of the foregoing was

served via this Honorable Court's CM/ECF system, with copies to:

Gene W. Doeling, Esq.
3429 Interstate Blvd. S.
P.O. Box 9231
Fargo, ND 58106-9231
heather@kaler-doeling.com
*Chapter 7 Trustee*

Robert B. Raschke, Esq.
Suite 1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
USTPRegion12.SX.ECF@usdoj.gov
*Assistant U.S. Trustee*

/s/ Maurice B. VerStandig
Maurice B. VerStandig